■ VIRGINIA PAUL, Appellant, v WERNER H. PAUL, Respondent. [675 NYS2d 713] —Crew III, J. Appeal from an order of the Supreme Court (Jung, J.), entered July 18, 1997 in Fulton County, as amended by order entered August 1, 1997 in Fulton County, which, *inter alia*, approved the sale of certain marital real property to defendant.

The parties were divorced in August 1990 and, following plaintiff's rejection of various purchase offers for the former marital residence, defendant successfully moved to have a receiver appointed to sell the property in question, which is located in the Town of Broadalbin, Fulton County. Ultimately, Supreme Court directed that the property be valued by a certified appraiser, who subsequently filed a report appraising the property at $112,000. Defendant thereafter indicated his willingness to purchase the property at the appraised value, and the receiver moved to, *inter alia*, approve the sale. Supreme Court granted the receiver's motion and this appeal by plaintiff ensued.

We affirm. Plaintiff, as so limited by her brief, contends that Supreme Court abused its discretion in approving the subject sale due to, *inter alia*, the fact that the appraised value of the property was substantially less than the offers previously received for the property. Plaintiff's argument on this point, however, overlooks the fact that almost four years elapsed between the June 1993 "high" offer of $265,000 and the March 1997 appraisal and, contrary to plaintiff's assertion, the record does contain evidence of declining market conditions during this period. Equally unpersuasive is plaintiff's reference to past realtor listings and/or appraisals for the property, the latter of which were not made by certified appraisers.

Finally, to the extent that plaintiff contends that the parties' July 1987 stipulation, wherein they agreed that the subject property would be listed for at least $175,000, precludes

Supreme Court from approving a sale for less than that amount, two observations are worth noting. First, we do not read the stipulation, which was incorporated but not merged in the parties' August 1990 judgment of divorce, as entitling either party to a "guaranteed minimum sale price", particularly when such price exceeds the appraised market value of the property some 10 years later. Additionally, the failure to achieve the stipulated listing price appears to be due in large measure to plaintiff's refusal to accept prior purchase offers in excess of that amount. Plaintiff's remaining contentions, including her assertion that the March 1997 appraisal was fundamentally flawed, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.